IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-49 |
| | ) | |
| BEVERLY S. BEAVERS and | ) | (VARLAN/SHIRLEY) |
| JAMES E. BEAVERS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case was before the Court on November 21, 2012, for a hearing on the following documents filed by the Defendants:

(1) Defendants' Praecipe [Doc. 40], filed on August 31, 2012;

(2) Defendant Beverly Beaver's In Law Declaration Before the Entire World [Doc. 41], filed on August 31, 2012;[1]

(3) Defendant James Beaver's In Law Declaration Before the Entire World [Doc. 42], filed on August 31, 2012;[2]

(4) Defendants' Motion to Vacate [Doc. 47], filed on September 14, 2012;

(5) Defendants' Motion to Vacate [Doc. 48], filed on September 14, 2012;

---

[1] Attached to Defendant Beverly Beaver's filing are the Declaration of Independence, Articles of Confederation, Northwest Ordinance, and excerpts from the United States Constitution and the Bill of Rights.
[2] The Defendants' In Law Declarations are identical, including the attachments.

(6) Defendants' Motion to Vacate [Doc. 49], filed on September 14, 2012;

(7) Defendant Beverly Beaver's Judicial Notice and Challenge to Jurisdiction Against Officers and Agents of the United States [Doc. 51], filed on September 14, 2012;

(8) Defendant James Beaver's Judicial Notice and Challenge to Jurisdiction Against Officers and Agents of the United States [Doc. 52],[3] filed on September 14, 2012;

(9) Defendants' Petition of Fraud and Acts of Enslaving the People by the United States Department of Justice and the Internal Revenue Services in Direct Contradiction to the Obligations of the Crown [Doc. 57],[4] filed on November 1, 2012. [5] [6]

The Government filed a Motion to Strike [Doc. 43] on September 7, 2012.[7] In addition, the Government responded to the Defendants' filings on September 12, 2012 [Doc. 45], September 20, 2012 [Doc. 53], and November 7, 2012 [Doc. 58].

At the November 21 hearing, Assistant United States Attorneys Jonathan R. Marx and Charles Atchley represented the Government. Assistant United States Attorney Jed Silversmith appeared by telephone. The Defendants, who are proceeding *pro se*, were also present.

---

[3] This filing is identical to Defendant Beverly Beaver's Judicial Notice and Challenge to Jurisdiction Against Officers and Agents of the United States [Doc. 51].

[4] Attached to the Defendants' filings are "In Law Declaration[s]" and a "Praecipe" [57-1, 57-2, 57-3], all of which are identical to filings 40, 41, and 42.

[5] The deadline to file motions was September 14, 2012. [Doc. 39]. However, at the November 1, 2012 hearing, the Court permitted the Defendants to file another motion.

[6] The Defendants also filed a Motion for Grand Jury Transcripts [Doc. 44], on September 12, 2012, and a Motion to Vacate [Doc. 50], on September 14, 2012. Both motions request grand jury material and are the subject of a separate Memorandum and Order. The Motion for Grand Jury Transcripts [Doc. 44] was accompanied by an Affidavit of Status of James-Earl Beavers [44-1] and an Affidavit of Status of Beverly-Sue Beavers [44-2]. The affidavits are identical. The Court will address the Defendants' arguments made in their affidavits in this Report and Recommendation to the extent it can identify the Defendants' arguments.

[7] The Government's motion asks the Court to strike the Defendants' Praecipe [Doc. 40] and their In Law Declarations [Doc. 41, 42] without a hearing. Although the Court agrees that several of the Defendants' filings do not contain a request for relief, see Part II, section E, the Court, nevertheless, has already held a hearing on the issues and the Government's motion is moot.

# I.  BACKGROUND

On April 17, 2012, the Defendants were indicted [Doc. 1] with one count of conspiracy to defraud the United States and three counts of filing false claims for tax refunds during the calendar years 2006, 2007, and 2008. The Defendants were arrested on April 18, 2012, in the Eastern District of Tennessee. The Defendants were initially represented by court-appointed counsel. On August 31, 2012, the Court permitted the Defendants to proceed *pro se*.[8]

# II.  ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for capital, or otherwise the infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V.  The Defendants argue a number of issues, which the Court has grouped into four main allegations: (1) the Court lacks jurisdiction over them and their case; (2) venue is improper; (3) the Department of Justice and the United States lack the authority to prosecute them; and (4) the Indictment fails to state an offense. The Government responds that the Court has jurisdiction pursuant to 18 U.S.C. § 3231, the Defendants are subject to federal law, including the Internal Revenue Code, and the Defendants are subject to criminal penalties.

As explained in detail below, the Court finds no basis for the dismissal of the Indictment and **RECOMMENDS** that all of the Defendants' filings, to the extent that they can be taken to request relief from the Court, be denied.

---

[8] The Defendants declined the appointment of standby or elbow counsel. [Doc. 39].

## A. Jurisdiction

The Defendants' primary argument for the dismissal of the case is their belief that the Court lacks jurisdiction over them or over the violation of tax laws. The Defendants make several arguments in this regard. First, the Defendants allege that they have been denied access to an Article III District Court. The Defendants assert that the Eastern District of Tennessee is not an Article III court but a "Territorial Court of the UNITED STATES, INC." [Docs. 51 and 52] (emphasis in original). In the same vein, the Defendants refer to themselves as the "flesh and blood sentient man and woman" and not a corporation or corporate entity, as they assert is suggested by the fact that their names appear in the style of the case in all capital letters. The Defendants contend that based upon the distinction between the all-capitals name and the living person, they are not subject to the Court's authority. Second, the Defendants argue that the Court lacks jurisdiction because there was no referral made by the Secretary of the Treasury. Third, the Defendants contend that the Court lacks subject matter jurisdiction in this case because it can only hear civil matters, and that it lacks personal jurisdiction over them.

### (i)  Article III Courts

Article III, section 1, of the United States Constitution provides in pertinent part that the "judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish." U.S. Const. art. III, § 1. Section 2 explains that the "judicial power shall extend to all cases, in law and equity, arising under this constitution, [and] the laws of the United States[.]" U.S. Const. art. III, § 2, cl. 1. By statute, Congress has declared that the "district courts of the United States shall have original

jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

The Defendants repeatedly deny, in their motions and at the hearing, that the Eastern District Court of Tennessee is an Article III court. They appear to assert that the United States District Court for the Eastern District of Tennessee is an entity of the United States corporation, and thereby, not an Article III court for the "united states of America."[9] Pursuant to 28 U.S.C. § 123(a), however, Congress established the United States District Court for the Eastern District of Tennessee.[10] As mentioned above, Congress's power to establish such courts originates from Article III, § 1. While the Defendants cite several cases to support their arguments, including Mookini v. United States, 303 U.S. 201 (1938);[11] Balzac v. People of P[ue]rto Rico, 258 U.S. 298 (1922);[12] and Summers v. United States, 231 U.S. 92 (1913),[13] these cases are taken out of

---

[9] As explained later in section (B)(i), the Defendants cite 28 U.S.C. § 3002 to support their claim that the United States is a corporation. However, a complete reading of 28 U.S.C. § 3002 belies this interpretation. See *infra* section (B)(i).

[10] Specifically, 28 U.S.C. § 123 states, "Tennessee is divided into three judicial districts to be known as the Eastern, Middle, and Western Districts of Tennessee." Section (a) states that the "Eastern District comprises four divisions." The North Division includes fourteen counties, including Anderson, Blount, Campbell, Claiborne, Grainger, Jefferson, Knox, Loudon, Monroe, Morgan, Roane, Scott, Sevier, and Union. 28 U.S.C. § 123(a)(1). The statute states, "Court for the Northern Division shall be held at Knoxville." Id.

[11] In Mookini, the Supreme Court considered whether the rules for criminal proceedings as applied in the District Courts should also apply to the District Court of the Territory of Hawaii, which was not a state at this point in time. 303 U.S. at 202. The Court held that the rules for criminal proceedings would not apply. Id. 205-06. Later, Congress created a judicial district in Hawaii. 28 U.S.C. § 91. In addition, contrary to the Defendants' assertions, the Supreme Court in Mookini also stated that the "District Courts of the United States" are "constitutional courts created under article 3 of the Constitution." 303 U.S. at 205.

[12] The Defendants' reliance on Balzac is also misplaced. The Defendants cite, "The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial power of the United States therein conveyed." 258 U.S. at 312. However, after reading the paragraphs above and below the Defendants' citation, one can conclude that the Court is actually discussing only the United States District Court in Puerto Rico, which the Supreme Court notes is "created by virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument . . . ." Id. at 311-12. It does not apply to district courts in general.

5

context and are otherwise irrelevant. Accordingly, the Court finds the Defendants' argument that the Eastern District Court of Tennessee is not an Article III court to be unsupported in both fact and law, and frivolous.

The Defendants also appear to argue that because their names are listed in all capital letters, indicating a corporation and not "flesh and blood" persons, they are not subject to the Court's jurisdiction. The Defendants do not cite, nor can the Court find, any authority to support this assertion. As the Government notes, courts, including the Sixth Circuit, have rejected this argument as frivolous. See United States v. Gonzalez, 222 F. App'x 238, 243 (4th Cir. 2007) (finding that the defendants' motions alleging the court lacked jurisdiction because the "indictment spelled their names using all capital letters, [and] the government failed to properly identify them as 'real, live flesh and blood M[en]'" were "completely frivolous") (second set of brackets in original); United States v. Bradley, 26 F. App'x 392, 393 (6th Cir. 2001) ("Edgar I also plays the 'name game,' contending that 'Edgar Francis Bradley' is a natural born man of the State of Ohio, while 'Edgar F. Bradley' is merely a corporate fiction."). The Court finds these Defendants' arguments equally unavailing, frivolous, and without any legal support.

### (ii)     Referral by the Secretary of Treasury

The Defendants next contend that "without a referral lawfully made by the Secretary of the Treasury . . . the District Court has no jurisdiction to enter judgment." The Defendants cite United State v. LaSalle Nat. Bank, 437 U.S. 298, 308 (1978) to support their argument. In

---

[13] In Summers, the Supreme Court stated, "[T]he courts of the territories may have such jurisdiction of cases arising under the Constitution and laws of the United States as is vested in the circuit and district courts, but this does not make them circuit and district courts of the United States." 231 U.S. at 102. The Court in Summers was discussing the district court of Alaska, which had not been admitted to the Union at this point in time. Furthermore, the United States District Court for the Eastern District of Tennessee is not a territorial court but an Article III court pursuant to 28 U.S.C. § 123(a).

LaSalle, the Court stated, "The Secretary of Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code." 437 U.S. at 308.[14] Nowhere in the court's opinion does it assert that a district court lacks jurisdiction unless a matter is referred to it by the Secretary of Treasury. As explained above, the Court's authority originates from Article III of the United States Constitution and 18 U.S.C. § 3231. Furthermore, the Court is unaware of any support for the Defendants' argument and none is provided by the Defendants. Accordingly, the Court finds that the Defendants' argument is meritless.

### (iii)    Subject Matter and Personal Jurisdiction

Finally, the Defendants assert that the Court lacks subject matter and personal jurisdiction. With regard to the former, the Defendants allege that the Court lacks subject matter jurisdiction because it is only permitted to hear civil matters. While it is true, as the Defendants argue, that federal courts are courts of limited jurisdiction, it is equally true that federal courts are not limited to hearing only civil matters. The Defendants cite 28 U.S.C. § 1340 to support their argument. Title 28, section 1340 states:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue for imports or tonnage except matters within the jurisdiction of the Court of International Trade.

While this statute bestows civil jurisdiction, it does not limit its jurisdiction to civil matters. Further, as noted above, 18 U.S.C. § 3231 states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the

---

[14] Specifically, the LaSalle Court was addressing only whether the Internal Revenue Service was required to use their summons authority in good-faith. 437 U.S. at 299.

laws of the United States." Courts have repeatedly entertained and denied the argument that federal courts do not have jurisdiction over tax violations. See United States v. Farnsworth, 302 F. App'x 110, 112 (3d Cir. 2008) (stating that "there is no question that 18 U.S.C. § 3231 . . . encompasses the federal tax statutes); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1991) (stating that "district courts have jurisdiction over Title 26 offenses"); United States v. Sasscer, 558 F. Supp. 33, 36 (D. Md. 1982) (holding that 18 U.S.C. § 3231 gives federal district courts jurisdiction in criminal cases "regardless of whether the case involves violation of a crime set form in Title 18 or in some other title of the United States Code such as Title 26"); United States v. Dirr, No: 3:08-cr-42, 2009 WL 79513, at *1 (E.D. Tenn. Jan. 9, 2009) (finding that the court had subject matter jurisdiction over the defendants' violation of 18 U.S.C. § 371). Accordingly, the Court finds that the Defendants' argument that this Court and district courts in general have no jurisdiction over criminal cases is patently frivolous and that this Court has subject matter jurisdiction over the Defendants' case.

The Defendants also vaguely mention that the Court lacks personal jurisdiction. The basis of this argument is not clear. The Defendants assert that they are "flesh and blood sentinent man . . . and woman" and ask "by what authority do you stand in front of me today?" [Doc. 57 at 1]. They then assert that there is "no personan jurisdiction because of the lack of legal explanation and definition of the terms conspiracy and frivolous in the record of this tribunal at the beginning of the claim, and how the allege[d] Defendants became 'Taxpayers.'" [Id. at 4].[15] The Defendants provided no case law or cogent analysis to support this contention. In light of the fact that the Defendants were indicted for violation of federal laws, they were arrested in the Eastern

---

[15] To the extent this Court can even decipher this assertion, the Court believes this argument is better suited as an argument to dismiss the Indictment. As such, the Court will also address this argument as a failure to meet the requirements pursuant to Federal Rule Criminal Procedure 7.

District of Tennessee, appeared before this Court, and have offered no support for their contention regarding personal jurisdiction, the Court finds this argument to be utterly without merit. See United States v. Masat, 938 F.2d 923, 934 (5th Cir. 1991) (stating that defendant's argument that the court lacked personal jurisdiction because he was a "non-citizen," "non-resident," and "freeman" was frivolous).

## B. Venue

The Defendants summarily state that the Court does not have proper venue in this matter.[16] The Court disagrees. The Constitution provides that a defendant has a right to be tried where the crime was allegedly committed. U.S. Const. art. III, § 2. This provision is interpreted to mean in the district where the crime is alleged to have occurred, unless a statute or rule directs otherwise. See Fed. R. Crim. P. 18; see also 18 U.S.C. § 3232 (providing that "[p]roceedings are to be in the district and division in which the offense [was] committed" per 18). Cases in which the crime was allegedly committed in more than one district "may be prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Moreover, as discussed above, 18 U.S.C. § 3231 grants district courts original jurisdiction over all offenses under United States law. Congress has established a United States District Court in Eastern Tennessee. 28 U.S.C. § 123(a). The Indictment states that the Defendants are residents of Knoxville, Tennessee, which is located in the Eastern District of Tennessee, and that the alleged

---

[16] The Defendants' venue argument is not developed and largely incomprehensible. Ordinarily, the Court is not required to address such issues raised in a "perfunctory manner." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Nevertheless, the Court will briefly address the matter of venue in the instant case in order to educate the *pro se* Defendants.

charges were committed in the Eastern District of Tennessee and elsewhere. Accordingly, the Court finds that venue is properly in this Court.

## C. Authority to Prosecute

The Defendants make three primary arguments that there is no authority to prosecute in this particular matter. First, the Defendants assert that the Department of Justice lacks "subject matter jurisdiction"[17] to prosecute violations of the tax code. Second, the Defendants contend that the charges in the Indictment are fraudulent because the Internal Revenue Code only permits civil penalties, not criminal. Finally, the Defendants allege that there was no Treasury Delegation permitting the Department of Justice to prosecute. The Court will analyze each of these claims.

### (i)    United States and the Department of Justice

The Defendants contend that the Department of Justice lacks authority to "perform any investigations, issue any letters of indictment, summon anyone before a Grand Jury, or prosecute any Citizen for an alleged offense against 26 C.F.R." [Doc. 47 at 2]. The Defendants assert that the "UNITED STATES OF AMERICA" is a federal corporation that went bankrupt in 1933 and lacks jurisdiction to prosecute criminal matters. Because they contend that the Department of Justice lacks authority to prosecute, the Defendants assert that the acts of the instant Assistant United States Attorneys are in violation of 28 U.S.C. § 1608 and Federal Rule of Civil Procedure 4(j). They also contend that the Internal Revenue Service has no authority to prosecute. They

---

[17] At the hearing, the Defendants repeatedly asked the Government attorneys if and why they had jurisdiction to prosecute. The term "subject matter jurisdiction" refers to a court's authority to hear a case. As stated at the hearing, the Court believes that the Defendants meant whether the United States Government has authority to prosecute, and it will treat the argument as such.

10

maintain that the Internal Revenue Service may only operate in Puerto Rico. The Defendants assert that, as sovereign citizens of Tennessee, the tax laws do not apply to them.

The Court finds the Defendants' arguments to be meritless. Defendants cite 28 U.S.C. § 3002 to support their claim that the United States is a corporation. Along with "Federal corporation," the definition of the United States includes "an agency, department, commission, board, or other entity of the United States; or an instrumentality of the United States." 28 U.S.C. § 3002(15)(A-C). The Department of Justice is defined as "an executive department of the United States at the seat of the Government." 28 U.S.C. § 501. Pursuant to 28 U.S.C. § 515, the Department of Justice may "conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct." The United States Attorneys "shall prosecute for all offenses against the United States." 28 U.S.C. § 547.[18] Indeed, "[t]he Internal Revenue Service cannot try its own prosecutions," but "[s]uch authority is reserved to the Department of Justice, and, more particularity, to the United States Attorneys." LaSalle Nat. Bank, 437 U.S. at 312.[19]

Pursuant to the authority given in 28 U.S.C. § 515, an Assistant United States Attorney may conduct a grand jury proceeding. See also Fed. R. Crim. P. 6(d)(1) (stating that attorneys for the government may be present while the grand jury is in session). The grand jury proceeding is

---

[18] In addition, 28 U.S.C. § 516 states, "[T]he conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence thereof, is reserved to officers of the Department of Justice, under the direction of the Attorney General."

[19] The Defendants claim that the Assistant United States Attorneys are in violation of Federal Rule of Civil Procedure 4(j) and 28 U.S.C. § 1608. Rule 4(j) discusses how to serve a civil summons on foreign, state, or local governments. As such, it is not applicable in this case, and the Court cannot conceive of any manner that the Rule would apply. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ."). In addition, 28 U.S.C. § 1608 is also a statute regulating how to serve a civil summons and complaint upon a foreign state and is not applicable to the present criminal matter.

11

a "judicial inquiry." <u>Cobbledick v. United States</u>, 309 U.S. 232, 327 (1940). It has been described as the following:

> It is a grand inquest with powers of investigation and inquisition. The function of the grand jury is to determine whether there is probable cause to believe that a crime has been committed and to protect citizens against unfounded criminal prosecutions. The proceeding becomes criminal as to defendant when the grand jury returns an indictment against him.

<u>In re Grand Jury Subpoenas</u>, 573 F.2d 936, 939-40 (6th Cir. 1978) (citations omitted).

In the present matter, the grand jury returned an Indictment against the Defendants. As such, it is the duty of the Assistant United States Attorneys acting on behalf of the United States Department of Justice to bring their cases forward.[20] At the hearing, the Defendants continued to question the Internal Revenue Service's authority to prosecute, but as already explained, the Internal Revenue Service is not prosecuting the Defendants. The United States, more specifically, the United States Assistant Attorneys are now prosecuting pursuant to their duties in

---

[20] At the hearing, the Defendants' confusion as to how and why the Department of Justice had the authority to prosecute was evident. As explained above, the Department of Justice has the statutory authority to prosecute claims after a grand jury indictment has been returned. However, to aid in the Defendants' understanding regarding how a particular matter is transferred from the Internal Revenue Service to the Department of Justice, the Court provides the following explanation:

> We bear in mind that the Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under [§] 7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws. We further bear in mind that the Service has district offices, each with an audit division and a criminal division . . . the Intelligence Division enforces the criminal statutes affecting income and certain other taxes and develops information concerning alleged criminal violations; that each assistant regional commissioner for intelligence develops programs for the investigation of alleged tax fraud and certain other civil and alleged criminal violations of tax laws and approves or disapproves recommendations for prosecutions; and that recommendation for prosecution are processed through the office of regional counsel and by that office to the Department of Justice.

<u>Donaldson v. United States</u>, 400 U.S. 517, 534-35 (1971) (citations omitted). The Defendants' citations to 26 U.S.C §§ 7805 and 7851 [Doc. 51 at 15] pertain to the Secretary's power to "prescribe all needful rules and regulations for the enforcement" and the applicability of revenue laws. As indicated in <u>LaSalle,</u> "a referral [from the IRS] to the Justice Department permits criminal litigation to proceed." <u>LaSalle Nat. Bank</u>, 437 U.S. at 312.

12

28 U.S.C. § 547. See also United States v. O'Brien, No. 99-4314, 2000 WL 1175278, at *1 (6th Cir. Aug. 11, 2000) (calling O'Brien's argument that he is not subject to the jurisdiction of the United States a "frivolous tax protestor argument[]").

The Defendants also argue that they are not subject to federal tax laws.[21] In several filings, the Defendants argue that they are sovereign citizens of Tennessee and that the Internal Revenue Service, which they claim is a Puerto Rican corporation, may not operate outside of Puerto Rico and the District of Columbia. [Docs. 44-1 and 51]. As explained below, the Court finds the Defendants' arguments nonsensical.

The Fourteenth Amendment provides that "[a]ll persons born and naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." The Sixteenth Amendment "authorizes a direct nonapportioned tax upon United States citizens, throughout the nation, not just in federal enclaves; efforts to argue otherwise have been sanctioned." United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (quoting United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (citations omitted)). Other federal courts have similarly rejected the argument that a defendant is not subject to tax laws because he/she is a citizen of a sovereign state, rather than the United States. United States v.

---

[21] The Defendants also briefly argue, "There is no Public Law by Congress that ever made the IRC codified as 26 USC." [Doc. 48 at 3]. The Court addressed a similar argument in context of the Internal Revenue Service's ability to summon records. Hibben v. United States, No. 3:08-mc-25, 2009 WL 2633137, at *2-3 (E.D. Tenn. June 19, 2009). In Hibben, the Court adopted a decision from the United States District Court for the Southern District of Florida as follows:

> Even though Title 26 itself has not been enacted as positive law, Title 26 is identical to the underlying Internal Revenue Code, as amended, which has been enacted into absolute or positive law. See Internal Revenue Code of 1954, Pub. L. No. 591-736, 68A Stat. 1 (1954), reenacted as the Internal Revenue Code of 1986 in the Tax Reform Act of 1986, Pub. L. No. 99-154, 100 Stat. 2085 (1986) (the act mostly preserved the 1954 codification scheme, particularly as the procedural provisions in section 600 et seq.) . . . Title 26 is for all practical purposes positive law.

Id. at *3 (quoting O'Boyle v. United States, No. 07-100006-MC, *2-4 (June 23, 2007)).

Cooper, 170 F.3d 691, 691 (7th Cir. 1999); United States v. Gerads, 999 F.2d 1255, 1256-57 (8th Cir. 1993) (imposing sanctions for the frivolous appeal of this issue); United States v. Masat, 948 F.2d at 934. Finally, the Court is unaware of any authority stating that the Internal Revenue Service may only operate in Puerto Rico and the District of Columbia. See Craine v. Comm'r, 737 F.2d 1417, 1417-18 (5th Cir. 1994) (calling the defendant's arguments, including one that alleges the Internal Revenue Service is a corporation, "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish").

Accordingly, the Court finds the Defendants' argument groundless.


*(ii) Criminal Penalties*

The Defendants allege that the Internal Revenue Code permits only civil penalties, not criminal. Defendants were indicted under 18 U.S.C. §§ 287 and 371. Under these statutes, Congress has imposed penalties including imprisonment and a fine. The Defendants cite United States v. Claflin, 97 U.S. 546 (1878) to support their argument, but the holding in Claflin is irrelevant to the present matter.[22]

Congress's power to create criminal laws to enforce the federal income tax laws is an extension of its power to assess taxes. See United States v. McMullen, 755 F.2d 65, 67 (6th Cir. 1984) (holding that with the power to tax, goes the "power to enforce the collection of such taxes"). The Sixteenth Amendment to the United States Constitution specifically grants to

---

[22] In Claflin, the Court was construing § 4 of the Smuggling Act of July 18, 1866. The language of the statute provided a fine upon conviction, imprisonment, or both. The Court simply held that the language in the statute could not "be enforced by any civil action, certainly not in an action of debt." 97 U.S. at 547 (emphasis added).

14

Congress the power to impose an income tax.[23] Furthermore, it is well-established that a violation of tax laws includes both criminal and civil aspects:

> The penalties imposed by Congress to enforce the tax laws embrace both civil and criminal penalties. The former consist of additions to the tax upon determinations of fact by an administrative agency and with no burden on the Government to prove its case beyond a reasonable doubt. The latter consists of penal offenses enforced by the criminal process in the familiar manner. Invocation of one does not exclude resort to the other.

Spies v. United States, 317 U.S. 492, 495 (1943); see also LaSalle Nat. Bank, 437 U.S. at 310 ("The legislative history of the Code supports the conclusion that Congress intended to design a system with interrelated criminal and civil elements."). The Defendants repeatedly assert that there are no criminal penalties located in Title 26; however, the Defendants are not charged with violating Title 26. Instead, the Defendants are charged with violating sections of Title 18. Accordingly, the Court finds the Defendants' arguments to be simply wrong.

### (iii) Treasury Delegation Order

Finally, the Defendants assert that there is no Treasury Delegation Order from the Secretary of the Treasury showing that the Defendants owe any tax obligations. The Defendants directed the Assistant United States Attorneys to prove the existence of a Delegation Order for the authority to prosecute.

The Defendants cite to 28 U.S.C. § 547(1), claiming that it restricts the United States' ability to prosecute them. This statute, however, outlines the duties of the Assistant United States Attorneys, one of which includes prosecuting "all offenses against the United States." 28 U.S.C.

---

[23] In the Defendants' affidavit [Docs. 44-1 and44-2], they request, in writing, the constitutional authority for personal liability for income tax. The Sixteenth Amendment provides, "The Congress shall have power to law and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."

§ 547(1) (emphasis added). "All offenses" includes violations of 18 U.S.C. §§ 287 and 371, the crimes alleged in the Indictment. In addition, the Defendants cite to 28 U.S.C. § 7701(a)(12), which provides the definition of a "delegate." This statute is irrelevant, and the Court has found no support for the Defendants' assertions.[24]

Accordingly, the Court finds that the Defendants' arguments that there is no authority to prosecute them are not well-taken.

### D. Motion to Dismiss the Indictment

The Defendants assert that the Indictment should be dismissed because it fails to state an offense.[25] In this regard, the Defendants contend that the Indictment fails to state the legal injury, the alleged plaintiff for cross-examination, and the victims or witnesses with knowledge of the claim. The Defendants argue that "[t]here is no mention in the allege[d] indictment that identifies" the Defendants as a "person, individual, a trust, estate, partnership association, company, or corporation subject to the dictates of Title 26." [Docs. 51, 52]. Finally, the Defendants assert that there are no identifiable criminal offenses located in Title 18 of the United States Code or Title 26 of the Code of Federal Regulations with regard to income taxes or violations.

The Fifth Amendment provides that "a trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment. Russell v. United States, 369 U.S. 749, 760-61 (1962). Legally insufficient indictments implicate not only

---

[24] Again, the Defendants seem confused as to how the matter originated from the Internal Revenue Service and proceeded to the Department of Justice. See supra note 19.
[25] The Defendants cite Fed. R. Civ. P. 12(b)(6) as support for their argument that the Indictment should be dismissed. Rule 12(b)(6), "failure to state a claim upon which relief can be granted[,]" is a civil defense. As such, it does not apply in the present matter. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts.") (emphasis added).

the right to a grand jury's determination of probable cause to believe that the offense occurred but also the Fifth Amendment's guarantee of due process of law and protection against being twice placed in jeopardy for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974); Russell, 369 U.S. at 761. Also relevant is the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accusing shall enjoy the right . . . to be informed of the nature and the cause of the accusations[.]" U.S. Const. amend. VI; Russell, 369 U.S. at 761. It is in the context of these fundamental rights that the Court examines the sufficiency of the instant Indictment.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling, 418 U.S. at 117; United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directed, and expressly[.]" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)); Landham, 251 F.3d at 1079.

In the present matter, the Defendants are charged in a four-count Indictment [Doc. 1]. The first count alleges conspiracy to defraud the United States. The Indictment alleges that the

Defendants "knowingly conspired with one another . . . and with other persons known and unknown to the grand jury, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of the defendants' personal income taxes." The Indictment then explains the manner, means, and overt acts of the alleged conspiracy. Finally, the Indictment states that the Defendants violated 18 U.S.C. § 371.

In counts two through four, the Defendants are charged with filing false claims. The Indictment states that the Defendants "knowingly made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the United States Treasury Department, claims against the United States for payment of a refund of taxes in the amounts listed . . ., which they then and there knew to be false, fictious, and fraudulent as to a material matter." The Indictment provides the alleged false tax returns for the years of 2006, 2007, and 2008, and then states that the Defendants violated 18 U.S.C. § 287.

The Court finds that the Indictment is sufficient pursuant to Federal Rule of Criminal Procedure 7(c)(1). The Indictment cites the statutes the Defendants allegedly violated, explains the elements of the alleged crimes, and then outlines all the "essential facts" constituting each charge. The assertion that the Indictment does not specifically allege that the Defendants are "people" subject to Title 26 is absurd. See Gonzalez, 222 F. App'x at 243 (stating that the defendants' argument that the indictment did not identify them as "real, live flesh and blood M[en]" was "completely frivolous") (brackets in original). Accordingly, the Defendants' argument that the Indictment should be dismissed is not well-taken.

The Defendants also argue that Title 18 of the United States Code and Title 26 of the Code of Federal Regulation contain no criminal offenses, specifically with regard to income taxes. As explained above, the Defendants are not charged under Title 26. The statutes that the Defendants allegedly violated do not contain the words, "income taxes." "The plain purpose of § 287 is to assure the integrity of claims and vouchers submitted to the government." United States v. Gieger, 190 F.3d 661, 667 (5th Cir. 1999) (quoting United States v. Maher, 582 F.2d 842, 847-48 (4th Cir. 1978)). In essence, § 287 penalizes false claims submitted to the United States, which may include tax returns or other claims. See United States v. Campbell, 845 F.2d 1374, 1381-82 (6th Cir. 1988) (finding that filing false Medicare claim forms constituted a violation of § 287); United States v. Turpin, No. 1:05-cr-303, 2007 WL 1723507, at *4, 23 (N.D. Ohio June 8, 2007) (finding the defendant guilty of violating 18 U.S.C. §§ 287 and 371 for conspiring and actually filing false tax returns); and United States v. Lloyd, No. 99-2581, 2000 WL 146361, at *1 (8th Cir. Feb. 7, 2000) (finding that filing a false claim for reimbursement of disaster-related expenses to FEMA constituted a violation of § 287). Accordingly, the fact that neither statute specifically mentions "income taxes" is immaterial.

### E.  Miscellaneous Arguments

In the Defendants' filings, they argued and reargued a number of other issues. For example, the Defendants asserted that they had the ineffective assistance of counsel; "there may be some collusion between the prosecutor and the judge"; and that they are enslaved. In addition, the Defendants filed a "Praecipe," which was accompanied by certain declarations. [Docs. 40-42]. Pursuant to Federal Rule of Criminal Procedure 47(b), "A motion must state the grounds on

which it is based and the relief or order sought. A motion may be supported by affidavit." After much review, the Court cannot glean any relief sought on these issues and therefore, they are all denied.

In addition, the Court notes that the Defendants made several arguments that were incomprehensible. By grouping the Defendants' arguments into four general contentions, the Court has tried to address the essence of the Defendants' arguments. Nevertheless, the Court anticipates that the Defendants will claim that the Court failed to address all of their arguments point by point. While the Court notes that it is "sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law . . . [w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent." Crain, 737 F.2d at 1417-18. Likewise, the undersigned finds the Defendants' numerous rambling arguments to be either subsumed by the analysis herein or irrelevant and without merit.

## III.    CONCLUSION

After carefully considering the parties' filings and arguments, and the relevant legal authorities, the Court finds no basis to dismiss the Indictment. For the reasons set forth herein, it is **RECOMMENDED** that Defendants' filings [**Docs. 40, 41, 42, 47, 48, 49, 51, 52, and 57**] are **DENIED**, and the Government's Motion to Strike [**Doc. 43**] is **DENIED**, **as moot**. [26]

Respectfully submitted,

_____s/ C. Clifford Shirley, Jr._
United States Magistrate Judge

---

[26] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).